IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SONUAL WILLIAMS, RUTH WILLIAMS,       )
                                      )
        Plaintiffs                    )
                                      )  Civil Action No. 10-325
    vs.                               )  Judge Nora Barry Fischer
                                      )  Magistrate Judge Lenihan
THE UNITED STATES OF AMERICA, et al., )
                                      )
        Defendants                    )
                                      )
                                      )  Re: Doc. No. 38

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Sharon

Regional Health System ("Sharon Regional") be granted and that the claims asserted

by Plaintiff be dismissed. It is further recommended that the dismissal of Plaintiffs'

claims should have no bearing on the crossclaims asserted against Sharon Regional by

the other Defendants.

### II. REPORT

### A. Facts and Procedural History

Plaintiffs Sonual Williams and Ruth Williams filed a complaint against

Defendants in the Court of Common Pleas of Mercer County, Pennsylvania on Jan. 17,

2008.[1] The U.S. Attorney's Office in Pittsburgh, Pennsylvania removed the case to the United States District Court for the Western District of Pennsylvania on Aug. 20, 2008 because Defendant Ravindra K. Sachdeva M.D. ("Sachdeva") was deemed an employee of the United States under the Federal Torts Claim Act.

On Sept. 11, 2008, in an earlier filed case, Judge Schwab substituted the United States as a Defendant in place of Defendant Sachdeva, dismissed the United States from the case for Plaintiffs' failure to file an administrative claim with the U.S. Department of Health and Human Services, and remanded the case to the Court of Common Pleas of Mercer County, Pennsylvania.[2]

Plaintiffs' claim under the Federal Tort Claims Act was denied by the U.S. Department of Health and Human Services on Oct. 15, 2009. Plaintiffs filed a new complaint with the United States District Court for the Western District of Pennsylvania on Mar. 3, 2010. In response to Plaintiffs' Complaint, Defendant Sharon Regional Health System filed a Rule 12(b)(6) motion to dismiss Count X and Count XI of the Complaint and a brief in support (ECF No. 38). Plaintiffs did not file a response to Defendant Sharon's motion to dismiss Counts X and XI, which was due on July 26, 2010. The Court sua sponte granted an extension until August 20, 2010.

All of the Defendants in the case have filed crossclaims against Sharon Regional and some of the Defendants filed briefs in opposition to Sharon Regional's Motion, arguing only that should the Motion to Dismiss be granted, it does not have any effect on the asserted crossclaims (ECF Nos. 55 and 59).

---

1. Verified with clerk of the Court of Common Pleas of Mercer County via telephone conversation on July 28, 2010.
2. WD PA 2:08-cv-01155

## B. Applicable Legal Standards

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176,

183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does

not allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6)

standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,*

129 S.Ct. 1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing

*Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that
> a defendant has acted unlawfully. Where a complaint pleads
> facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of
> 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals expounded on this standard in its

decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing

*Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*.

After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no
longer survive a motion to dismiss: "threadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do not suffice."
*Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now
set out "sufficient factual matter" to show that the claim is facially plausible.
This then "allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme

3

Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler,* 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips* at 234-35).

## C. **Discussion**

In Pennsylvania, a cause of action for negligence is controlled by the two-year statute of limitations codified at 42 Pa.Cons.Stat. § 5524(2)(2010); Lake v. Arnold, 232 F.3d 360, 366 (3d. Cir. 2000). Under the statute, an action to recover damages for injuries to the person, or for the death of an individual caused by the wrongful act, or neglect, or unlawful violence, or negligence of another, must be commenced within two years. The time within which a cause of action for negligence must be commenced shall be computed from the time the cause of action accrued. 42 Pa.Cons.Stat. § 5502(a)(2010); Ross v. Johns-Manville Corp., 766 F.2d 823, 826 (3d. Cir. 1985)(citing Mack Trucks, Inc. v. Bendix-Westinghouse Auto. Air Brake Co., 372 F.2d 18, 20 (3d Cir.1966)). In Ross, the court of appeals held that a claim arising under Pennsylvania law accrues at the occurrence of the final significant event necessary to make the claim suable. 766 F.2d at 826. A plaintiff's

4

lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations. Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). The Pennsylvania Supreme Court held in Pocono that the plaintiff had the ability to ascertain the cause of action because they owned and operated the tunnel which was damaged by the defendant. Id. at 471. Because the plaintiff failed to institute the suit within the two-year time period, the statute of limitations barred the action. Id. at 472.

In Pennsylvania, an individual action filed in state court does not toll the running of the statute of limitations as to an action in federal court. Ravitch v. Pricewaterhouse, 793 A.2d 939, 942-43 (Pa. Super. Ct. 2002)(citing Royal-Globe Ins. Co. v. Hauck Mfg. Co., 335 A.2d 460, 462 (Pa. Super. Ct. 1975). Conversely, the filing of an action in federal court does not toll the statute of limitations against a subsequent action filed in state court. Ravitch, 793 A.2d at 942. In Ravitch, the court determined that the filing of a class action in New York did not toll the statute of limitations as to a subsequent class action filed in Pennsylvania's state court system. Id. at 943. The court in Royal-Globe held that the four-year statute of limitations for actions based on warranty was not tolled for a subsequent suit filed in state court after the running of the statute. 335 A.2d at 461-62. The running of state statute of limitations against an action in federal court is not tolled by commencement of unsuccessful suit in state court. Falsetti v. Local Union No. 2026, United Mine Workers of Am., 355 F.2d 658, 662 (3rd Cir. 1966). The statute of limitations was not tolled against a federal claim for trespass and conspiracy, even though the plaintiff had previously instituted an unsuccessful state claim for breach of duty against the defendants within the statute of limitations. Id.

Defendant Sharon Regional asserts that the statute of limitations for the personal

5

injury suit began running from the time the cause of action accrued, which arose from the care and treatment Plaintiff Sonual Williams received while hospitalized at Sharon Regional from Jan. 24, 2006 until Feb. 10, 2006. Because Plaintiffs filed their claim in federal court over four years later, on Mar. 3, 2010, Defendant Sharon Regional argues that Plaintiffs have not brought their claim within the statute of limitations. In support of its position, Defendant Sharon cites to Jones, 549 U.S. at 215, Robinson, 313 F.3d at135, Hanna, 514 F.2d at 1094, and Ravitch, 793 A.2d at 942-43. Therefore, Defendant Sharon Regional asserts that Plaintiffs' complaint fails to support a claim against it upon which relief can be granted and Counts X and XI of the Complaint should be dismissed with prejudice.

In the case at hand, the cause of action accrued at the occurrence of the final significant event necessary to making the claim suable. Ross, 766 F.2d at 826. Therefore, the statute of limitations may have begun to run at some point between Jan. 24, 2006 and Feb. 10, 2006, while Plaintiff Sonual Williams was hospitalized at Sharon Regional. § 5502(a). The facts in the Complaint do not provide enough information to determine the exact date of the last action which caused Plaintiff Sonual Williams' injury while he was at Sharon Regional, however, the claim would have to have accrued on or after March 3, 2008 for the complaint to be timely. Plaintiffs do not dispute the accrual time in their response. Because Plaintiffs did not file suit in federal court until Mar. 3, 2010, the two-year statute of limitations for personal injury suits bars their action against Defendant Sharon. § 5524(2). Although Plaintiffs filed a state court action for the same claim in the Court of Common Pleas for Mercer County, Pennsylvania on Jan. 17, 2008, this action did not toll the running of the statute of limitations as to the claim filed in federal court on Mar. 3, 2010.

6

Ravitch, 793 A.2d at 942-43. Plaintiffs argue in their Response Brief that the Defendant has adequate notice. This is indeed true and the Court is of the opinion that it would be more convenient and a better use of court resources to try this case in one court, as opposed to both state and federal court trials. Unfortunately, these reasons are not enough to toll the statute or for the Court to recommend that the motion be denied. Therefore, because Plaintiffs' claim was filed outside the statute of limitations period, Plaintiffs have failed to state a claim for relief, and Counts X and XI in the Complaint should be dismissed. Jones, 549 U.S. at 215; Robinson, 313 F.3d at135.

As to the concern of the other defendants, the Court agrees that their crossclaims are not dismissed as the statute of limitations has not yet begun to run on those claims.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: August 20, 2010

7